IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| THE COMPLAINT OF WEBER | ) | |
| YACHTS, INC., as Owner of the M/V | ) | Case No. 26 C 1948 |
| AERO NAUTICAL, for Exoneration from or | ) | |
| Limitation of Liability. | ) | Judge Robert W. Gettleman |

**MEMORANDUM OPINION & ORDER**

Plaintiff-petitioner Weber Yachts, Inc. ("petitioner"), as owner of the M/V Aero Nautical brings this complaint for exoneration from, or limitation of, liability under the Limitation of Vessel Owner's Liability Act (the "Limitations Act"), 46 U.S.C. §§ 30501 46 U.S.C. §§ 30501, et seq., and Rule F of the Federal Rules of Civil Procedure. Claimants Lori Linton ("Lori") and Mark Linton move to dismiss petitioner's complaint (Doc. 20). For the reasons below, the motion to dismiss is granted.

**BACKGROUND**

The M/V Aero Nautical is a 33-foot pleasure craft owned by petitioner. The vessel was being exhibited at the Chicago International Boat Show in 2025. Lori tripped and fell while boarding the docked vessel. Claimants sued petitioner and other entities for negligence in the Circuit Court of Cook County, Illinois.[1]

Congress enacted the Limitations Act in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." Joyce v. Joyce, 975 F.2d 379, 383-84 (7th Cir. 1992). The Limitations Act was designed to achieve this purpose by, in certain

[1] Thus, in the state court case, the Lintons are the plaintiffs and Weber Yachts is the defendant.

circumstances, limiting the vessel owner's liability to "the value of the vessel and pending freight." 46 U.S.C. § 30523(a). Rule F of the Federal Rules provides the procedural mechanism whereby vessel owners can file a complaint setting forth "the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." Before the court is petitioner's complaint to limit its liability to the value of its interest the M/V Aero Nautical, which petitioner claims is $715,000.

## **DISCUSSION**

Resolution of this case turns on the clause in the Limitations Act that sets out the types of claims subject to the liability limitation. The Act states in pertinent part:

> Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner. 46 U.S.C. § 35023(b).

Claimants argue that petitioner's liability is not covered by the Limitations Act because petitioner has been sued for negligence. A successful negligence claim, the argument goes, requires that the vessel owner had "privity or knowledge." If claimants' negligence claim fails, then there is no liability to be limited.

Petitioner contends that claimants' argument puts the cart before the horse. According to

petitioner, this court must first adjudicate the underlying negligence claim to determine what caused the casualty and then determine whether those acts occurred with the owner's privity or knowledge.

The court agrees with claimants. For claimants' negligence claim to succeed, a harm must have occurred in the "privity or knowledge of" petitioner. Claimant's negligence claim in the Cook County Circuit Court alleges that petitioner (defendant, there) was negligent in one of the following manners: (1) petitioner failed to properly position the boat; (2) petitioner failed to provide a bridge or walkway for individuals to access the boat; (3) petitioner failed to warn claimants of a dangerous condition (a small landing area for people boarding the boat); and (4) petitioner failed to assist Lori getting on to the boat.[2] Each one of these theories alleges that petitioner's action or inaction was the cause of Lori's injury. To be sure, in Illinois, "liability under the rules of ordinary negligence requires some knowledge on the part of the defendant, actual or constructive, of the possibility of the danger complained of." Prater v. Veach, 181 N.E.2d 739, 741 (Ill. App. 4th 1962) (emphasis added).

The case law is decisive on this issue. The Supreme Court, interpreting the Limitations Act in 1933, stated that "[t]he liability thus limited is an imputed liability; it is a liability imputed by law by reason of the ownership of the vessel. For his own fault, neglect, and contracts the owner remains liable." American Car & Foundry Co. v. Brassert, 289 U.S. 261, 264 (1933). A claim accusing the owner of negligence is the quintessential claim for liability based on the owner's "own fault [or] neglect." In Joyce v. Joyce, the Seventh Circuit held that a claim of

[2] Claimants also argue in their supporting memorandum that petitioner had been warned of certain hazards prior to the boat show, but failed to take corrective action. This claim, however, is not included in the state court complaint and will not be considered in this opinion.

"negligent entrustment" was not subject to the Limitations Act because "if a shipowner knows enough to be liable for negligent entrustment, he knows too much to be eligible for limited liability under the Act." 975 F.2d 379, 385 (7th Cir. 1992). The court cannot find any basis to treat a direct claim of negligence any differently. See also Rymer v. Aladin, 734 F. Supp. 3d 826, 829 (N.D. Ill. 2024) (applying the logic of Joyce to another negligent entrustment case).

Because the court has determined that the Limitations Act does not apply to this action, claimants' claims must be adjudicated in state court.[3] See Complaint of McCarthy Bros. Co./Clark Bridge, 83 F.3d 821, 827 (7th Cir. 1996) (explaining that"[w]here the shipowner fails to establish lack of privity or knowledge, the federal court lacks the power under the Limitation Act to limit his liability, and the federal court must relinquish exclusive jurisdiction and allow the claimant to proceed in state court").

[3] There is some doctrinal unclarity as to whether this conclusion is the result of a jurisdictional limitation. See Matter of Major Glen Corp., 743 F. Supp. 3d 974, 989–93 (N.D. Ill. 2024) (collecting cases and concluding that the Limitation Act does not impose a jurisdictional requirement). In any event, the court declines to exercise supplemental jurisdiction over the claims in this case. See 28 U.S.C. § 1367(c).

## CONCLUSION

For the above reasons, the motion to dismiss (Doc. 20) is granted. The Order Granting Notice, Directing Issuance of Notice of Action, and Restraining Suits issued by this court on April 27, 2026 (Doc. 10) is vacated. Claims, actions, or proceedings against Weber Yachts, Inc. related to the claim from which the complaint seeks exoneration, or limitation of liability, may proceed in state court.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: October 16, 2026**